McCook *vs.* Cousins.

---

JOHN C. F. McCOOK, plaintiff in error, *vs.* PAULINA F. COUSINS, defendant in error.

When C. and E., a freedman, entered into an agreement to rent land, and make a crop for that year, and, in pursuance of such agreement, E., the freedman, rented land from M., and cultivated the same, and made a crop thereon, and, from the evidence in the record, the jury had the right to presume that M. had knowledge of the agreement between C. and E. as to the manner in which they were working and making a crop together: *Held*, that M. could not retain out of the proceeds of the crop E.'s share thereof for provisions furnished to E., without the consent of C., the more especially, when it appears that M. had made a *special* contract with E., the freedman, to furnish him provisions for that year, and had taken *other security therefor*.

*Held* also, that in view of the facts of this case, as presented by the record, the Court below did not err in refusing to charge the jury as requested, nor in the charge as given to the jury on the trial of the case, and that the motion for a new trial was properly refused.

Motion for new trial. Before Judge WORRILL. Chattahoochee Superior Court. March Term, 1869.

Mrs. Cousins brought an action for money had and received, against McCook, and on the trial the evidence was as follows:

She testified, that she and a negro named Edmund, in 1866, contracted to farm together, upon land rented from Duncan's estate, and from McCook; she was to furnish (and feed) two mules, and her two sons to work; he to find himself and hands: and they were to divide the crop equally. She sent the negro to McCook to rent his land, and the negro reported to her that he had rented it for half the crop grown on it. Her sons and mules, with the negro, made $800 00 worth of cotton on that place, of which she claimed $221 00. She paid the blacksmith's bills, and furnished the tools. About the 1st of January, 1867, she demanded her part of the cotton from McCook, and he took it all off in the night, and would not say whether he owed her any thing or not. She got none of the provisions furnished by McCook to the negro; the contract under which McCook furnished the provisions to the negro was made six weeks before the negro rented the land, and S. D. Harp stood the negro's security. She and the negro also cultivated the Duncan place.

A witness testified, that while McCook was taking six bales of the cotton to Columbus, he asked McCook what part Mrs. Cousins would get, and he replied, but a small part, after the negro settled his provision account.

McCook testified, that about the 1st of February, 1866, he furnished said negro said land, a mule and its feed, and the negro agreed to find himself, cultivate the land in cotton, and give McCook half; at the same time, he agreed to furnish the negro with provisions for himself and his family, thirteen in number, and the negro bound the whole of his half of the crop for payment for said provisions. He did not know Mrs. Cousins in the contract, nor what contract she had with the negro. He admitted that her children and mules worked on his land, and said his mule worked on the Duncan place. He admitted that he sold all the cotton for

McCook vs. Cousins.

$841 21, and proved his account against the negro, amounting to $571 00.

A witness testified that Mrs. Cousins told her she had no interest in the cotton made by the negro on the McCook place. McCook's wife testified that, in June or July, 1866, Mrs. Cousins told her that she did not expect to get any of that cotton. And said Harp testified that, in the spring of 1866, she said to him, that, under the contract, she was not to have any of that cotton.

The Court charged the jury, that if the evidence showed that the negro rented the land from McCook, and promised to give him half of the crop raised on it, and that the negro and Mrs. Cousins agreed to cultivate the land together, and divide the part which would fall to them, and that it was part of the negro's and McCook's contract that McCook should retain said crop, and sell it, and reimburse himself for supplies furnished to the negro, then McCook could not retain the entire proceeds of the cotton, unless it appeared that Mrs. Cousins was a party to or agreed to it.

He was requested by defendant's counsel to charge the jury, that if McCook, at the time he contracted with the negro, did not know of the arrangement between her and the negro, he had the right, under his contract with the negro, to retain the entire proceeds of the sale of the cotton to reimburse himself for supplies furnished the negro under said contract. The Judge would not so charge.

The jury found for the plaintiff, $225 00.

McCook's counsel moved for a new trial, upon the grounds that the charge, and refusal to charge, were erroneous, and because the verdict was contrary to law, and the charge, and the evidence.

At a subsequent time, they moved to amend, by adding a ground upon newly-discovered evidence. But the affidavit of the party did not state specifically what facts he had discovered, nor what witnesses would testify to them, but generally that he expected to show important facts going to prove that Mrs. Cousins had no interest in the cotton raised on McCook's place.

The Judge refused a new trial, and this is assigned as error.

D. H. BURTS, for plaintiff in error, cited 37 Ga. R., 94, as to the refusal to charge; 37 Ga. R., 676; 31 Ga. R., 34—128, as to newly-discovered evidence; and as to granting new trials, 37 Ga. R., 557; 30 Ga. R., 476; 25 Ga. R., 184.

E. G. RAIFORD, for defendant, said the negro could not bind Mrs. Cousins' part of the crop, Irwin's Code, secs. 2678, 2907; the newly-discovered evidence is cumulative only, Grubb vs. Kalb, 37 Ga. R., 464; and is immaterial, Moore vs. Ulm, 34 Ga. R., 569; Code, sec. 3665; McCook has no lien on the cotton, Wyatt vs. Turner, 37 Ga. R., 640.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is in overruling the motion for a new trial on the several grounds specified in the motion therefor.   It appears from the record that Mrs. Cousins, the plaintiff below, and a freedman by the name of Edmund, entered into a contract to farm together on rented land ; that they rented the Duncan place for that purpose, and also rented land from McCook, the defendant, and worked both places during the year 1866. It also appears that six weeks before the land was rented from the defendant Edmund, the freedman, had made an independent contract with him to furnish him (Edmund, with provisions for that year, for which one Harp stood Edmund's security.   The dispute between the parties is in relation to the defendant's retaining the proceeds of the renter's share of the crop to pay for provisions furnished Edmund, to the exclusion of Mrs. Cousins, who claims her share thereof as one of the contracting parties.   There is evidence in the record from which the jury had the right to presume that the defendant had knowledge of the terms of the agreement between Mrs. Cousins and Edmund, as to the manner in which they were working and making a crop to-

gether on the rented land; and if so, the defendant had no right to retain out of her share of the proceeds of the crop what was due him for provisions furnished Edmund, without her consent, the more especially when it appears that six weeks before the land was rented to Edmund and Mrs. Cousins, the defendant had made a *special* contract with Edmund to furnish him provisions for that year, and had taken other and independent security therefor. The defendant should pay Mrs. Cousins her share of the crop made on the land, and if Edmund's share thereof is not sufficient to reimburse him for provisions furnished, then he must look to Edmund and his security for the balance that may be due.

The charge requested of the Court by the defendant's counsel was properly refused, on the ground that it assumed that the defendant had the right to retain the *entire* proceeds of the sale of the cotton, to reimburse himself for supplies furnished the negro under the contract, whereas, in no event did he have the right to retain the *entire* proceeds of the sale of the cotton to reimburse himself, unless the provisions furnished should be of sufficient value to amount to the *entire* proceeds of the sale of the cotton, which was proved to have been $841 21. The evidence of the witnesses on the trial was conflicting, but their *credibility* was a question for the jury.

The ground taken for newly discovered evidence is entirely too vague and uncertain to sustain a motion for a new trial. In view of the facts of this case, as disclosed by the record, we are of the opinion that the Court below did not err in refusing to charge the jury as requested, nor in the charge as given, and that the motion for a new trial was properly refused.

Let the judgment of the Court below be affirmed.